J-A05030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MONTICE LAMONT HARRIS | : | |
| | : | |
| Appellant | : | No. 416 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002734-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MONTICE LAMONT HARRIS | : | |
| | : | |
| Appellant | : | No. 1127 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 1, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002735-2023

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                **FILED: February 14, 2025**

Appellant, Montice Lamont Harris, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his

---

[*] Retired Senior Judge assigned to the Superior Court.

open guilty pleas to possession with intent to deliver ("PWID") and aggravated assault.[1]  We affirm and grant counsel's application to withdraw.

The relevant facts and procedural history of this case are as follows.  On November 22, 2023, Appellant entered open guilty pleas at two dockets related to separate incidents, one in which he had possessed controlled substances with the intent to sell them, and one in which he had discharged a firearm in the direction of a victim.  At Docket No. 2734-2023, Appellant pled guilty to PWID.  At Docket No. 2735-2023, Appellant pled guilty to aggravated assault.  In exchange, the Commonwealth *nolle prossed* all remaining charges at both dockets.

On March 1, 2024, the court sentenced Appellant to an aggregate term of 57 to 120 months' incarceration.  Appellant did not object to the length of his sentence at the hearing, and did not file a post-sentence motion.  On April 1, 2024, Appellant timely filed a *pro se* notice of appeal.[2]

On April 11, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On April 17,

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 2702, respectively.

[2] Appellant's appeal listed both underlying docket numbers in violation of **Commonwealth v. Walker**, 646 Pa. 456, 185 A.3d 969 (2018).  On September 9, 2024, this Court directed Appellant to file amended notices of appeal at each trial court docket number. **See Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa.Super. 2022) (holding that if timely appeal is erroneously filed at one docket, appellate court may permit appellant to correct error). Appellant filed amended notices of appeal at both trial court dockets on September 12, 2024.  Subsequently, on September 23, 2024, this Court consolidated the matters *sua sponte*.

2024, Appellant filed a *pro se* request for appointment of counsel, and the court responded by scheduling a ***Grazier***[3] hearing. On June 28, 2024, the court appointed current counsel. On August 5, 2024, following an extension, counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an ***Anders***[4] brief and application to withdraw.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to ***Anders*** and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***See Santiago, supra*** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d

---

[3] ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (1998).

[4] ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> \* \* \*
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent

a copy of the **Anders** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention.

In the **Anders** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's claims on appeal. Counsel also provides the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. **See Reid, supra**.

Counsel raises the following issues on Appellant's behalf:

> Was [Appellant's] guilty plea entered knowingly and voluntarily?
>
> Was the sentence in this case manifestly excessive and clearly unreasonable, especially considering his serious medical conditions?

(**Anders** Brief at 2).

For purposes of disposition, we combine the arguments raised in the **Anders** brief. Therein, counsel articulates Appellant's claim that his guilty plea was not entered knowingly and voluntarily. According to Appellant, he saw his lawyer only twice throughout the pendency of the case, and he had been "bombarded" into entering an involuntary plea. Appellant also asserts that at the time of his plea, he had stage two heart failure and that his actions were in self-defense. Appellant insists that the court ignored mitigating factors upon sentencing Appellant.

Appellant has responded to the ***Anders*** brief *pro se*.  In Appellant's *pro se* response to the ***Anders*** brief, he argues that counsel failed to raise certain issues on appeal that Appellant claims are meritorious.  Specifically, that Appellant wanted to withdraw his plea pursuant to Pa.R.Crim.P. 590 and had explained this to both plea and sentencing counsel; that the transcripts were tainted;[5] and that plea counsel lied when she stated on the record that she had discussed the plea with Appellant a week prior to the plea.  Appellant also emphasizes that he has a serious medical condition and requires a heart transplant, which he cannot receive in prison.  Appellant claims the court should have imposed a lighter sentence.  For the following reasons, we agree with counsel that the appeal is frivolous.

Initially, with respect to Appellant's challenge to the validity of his guilty plea, we observe: "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014).  Additionally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Id.*** at 609-10 (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during

_____

[5] Appellant does not explain in what manner the transcripts were tainted.

plea colloquy or file timely post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Instantly, the record indicates that Appellant did not preserve a challenge to the validity of his guilty plea orally at the plea hearing or in a timely filed post-sentence motion. Thus, it is waived. **See Lincoln, supra**. To the extent Appellant argues that counsel provided ineffective assistance by failing to file a pre- or post-sentence motion to withdraw his plea, that claim must await collateral review.[6] **See Commonwealth v. Rosenthal**, 233 A.3d 880 (Pa.Super. 2020) (stating general rule that ineffectiveness claims are not cognizable on direct appeal and must be deferred until collateral review).

Regarding Appellant's challenge to his sentence, we observe that "challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." **Commonwealth v. Perzel**, 291 A.3d 38, 46 (Pa.Super. 2023), *appeal denied*, ___ Pa. ___, 301 A.3d 426 (2023). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved

---

[6] Counsel notes in her **Anders** brief that Appellant orally confirmed his intent to enter the plea at the plea colloquy, and the court questioned Appellant extensively about his medical conditions and wish to plead guilty, and provided Appellant with additional time to confer with his attorney in private before accepting the plea. The record supports counsel's assertions. (**See** N.T. Plea Hearing, 11/22/23, at 7-8, 11-15).

at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Thus, "[t]o preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa.Super. 2008), *appeal denied*, 600 Pa. 728, 963 A.2d 467 (2008). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa.Super. 2011)).

Instantly, Appellant failed to preserve his objections at sentencing or in

a post-sentence motion. Thus, Appellant waived his sentencing claim.[7] *See Caldwell, supra*; *Feucht, supra*; *Mann, supra*. Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.[8]

Judgment of sentence affirmed. Petition to withdraw is granted.

_____

[7] Further, to the extent Appellant argues that the court failed to consider the mitigating factor of his medical conditions, including his allegation that he is dying of congestive heart failure, such a claim generally does not raise a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa.Super. 2010). Moreover, where the sentencing court had the benefit of a pre-sentence investigation ("PSI") report, the law presumes the court was aware of and weighed relevant information regarding mitigating factors. *Commonwealth v. Tirado*, 870 A.2d 362, 366 n.6 (Pa.Super. 2005). Here, the sentencing court had the benefit of a PSI report, and we may presume the court considered the relevant mitigating factors, particularly where Appellant argued them at sentencing. *See id. See also* (N.T. Sentencing, 3/1/24, at 8-9, 12). Accordingly, even if not waived for failure to preserve the claim, Appellant's sentencing issue would not raise a substantial question. *See Caldwell, supra*; *Moury, supra*.

[8] We further note that Appellant had filed two applications for relief in this Court. First, Appellant filed an application to expedite the proceedings based upon his serious medical conditions. Based upon our timely disposition of his appeal, we deny this application as moot. Second, Appellant has filed an application for relief, arguing that the sentence imposed is akin to a "death sentence" because it exceeds the life expectancy of his left ventricular assist device. Appellant further contends that all counsel provided sub-standard legal representation; that compassionate relief was never provided to him; and that his sentence is a violation of the 8th Amendment of the United States Constitution. Appellant requests relief in the form of the appointment of new counsel, an evidentiary hearing, or an order that he serve his sentence under house arrest so that he may proceed with treatment with a heart specialist and be eligible for a transplant. Nevertheless, Appellant cites no legal authority for any of these claims. Thus, we deny Appellant's application for relief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: <u>2/14/2025</u>